Appeal by an employer and insurance carrier from an award of death benefits made by the Workmen’s Compensation Board to the mother of a deceased employee. The only issue raised on appeal is whether it was proper for the board to direct the carrier to pay the commuted amount of the award for death benefits into the Aggregate Trust Fund in view of the fact that there had been a recovery under section 205 of the General Municipal Law. Deceased was a volunteer fireman and sustained accidental injuries arising out of and' in the course of his employment which resulted in his death. The claimant, his mother, received a lump sum of $3,000 under provisions of section 205 of the General Municipal Law. The board held that the carrier was entitled to credit for the amount of this recovery and entitled to suspend payments of compensation for some 292 weeks. However, it also ruled that the award for death benefits under the Workmen’s Compensation Law should be commuted, under section 27 thereof, and the commuted amount paid into the Aggregate Trust Fund. The question posed on appeal is not an open one in this court. (Matter of Richter v. Town of Islip,. 276 App. Div. 42.) Award unanimously affirmed, with costs to the Workmen’s Compensation Board. Present — Foster, P. J., Brewster, Deyo, Bergan and Coon, J J.